IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| CHRISTOPHER MOSBY, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 1:19CV238 |
| | ) | |
| KENNETH E. LASSITER, | ) | |
| | ) | |
| Respondent. | ) | |

## ORDER AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Petitioner, a prisoner of the State of North Carolina, has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Docket Entry 1.) Respondent has filed an answer (Docket Entry 12), a motion to dismiss (Docket Entry 13), and a brief supporting that motion (Docket Entry 14). Petitioner has filed a motion for discovery (Docket Entry 16), a motion for entry of default (Docket Entry 22), and a response (Docket Entry 19). This matter is now ready for a ruling.

### Background

In 1994, a Forsyth County Superior Court jury convicted Petitioner of second-degree murder, and the court sentenced him to life in prison. (Docket Entry 1, Ex. 1 at 9.) On November 7, 1995, the North Carolina Court of Appeals affirmed his conviction and sentence. *State v. Mosby*, 120 N.C. App. 648, 463 S.E.2d 430 (Nov. 7, 1995) (unpublished). Petitioner filed a petition for a writ of certiorari with the North Carolina Supreme Court on May 7, 1997, claiming that one of the State's witnesses had recanted. (Docket Entry 1, Ex. 1 at 20.) After

an evidentiary hearing, the court denied his petition on September 29, 1997. Parole, revocation of parole, and multiple state post-conviction filings followed.

Petitioner has also made multiple habeas corpus filings in this Court and in the United States District Court for the Eastern District of North Carolina. He has not succeeded in any of them. The instant action concerns his section 2254 petition filed on February 28, 2019 in the Eastern District and transferred to this Court on March 1, 2019.

## Discussion

Petitioner has more than once been in this Court to attack his conviction and sentence by filing petitions pursuant to 28 U.S.C. § 2254. *See Mosby v. Hunt*, 1:13CV1137 (M.D.N.C. Dec. 30, 2013) (unpublished) (attached as Exhibit 4 to Docket Entry 14). After his conviction became final in 1995, Petitioner filed multiple post-conviction motions and petitions in state court. (Docket Entry 14 at 1.) Petitioner filed his first federal habeas petition in this Court on September 27, 1999. The court denied it on April 4, 2000. *Mosby v. N.C. Attorney General*, No. 1:99CV834 (M.D.N.C. Apr. 4, 2000), *appeal dismissed*, No. 00-6503, 2000 U.S. App. LEXIS 18886 (4th Cir. Aug. 4, 2000) (unpublished).

Since then, Petitioner has sought and failed to obtain the permission of the United States Court of Appeals for the Fourth Circuit to file a second or successive habeas petition. (*See* Docket Entry 14, Ex.2 at Line 22 (memorializing July 11, 2008 Order of the Fourth Circuit denying authorization to file).) Despite not having received authorization, Petitioner filed a successive petition in this Court on December 23, 2013. The Court dismissed the petition as successive. *Mosby v. Hunt*, No. 1:13CV1137 (M.D.N.C. Feb. 4, 2014). The Fourth Circuit

denied his subsequent request to file a successive petition on June 17, 2014. *In re Mosby*, No. 14-268 (4th Cir. June 17, 2014) (*attached at* Docket Entry 14, Ex. 7).

Petitioner has had ample opportunity to learn that before filing another habeas petition in this Court, he must receive an order from the Fourth Circuit authorizing that filing, as required by 28 U.S.C. § 2244(b)(3)(A).[1] He has not done so, and he has offered no legitimate reason for that failure. This Court cannot consider an unauthorized successive petition. The instant petition, therefore, should be dismissed.

Additionally, Petitioner has not shown good cause for this Court to order discovery (Docket Entry 16), nor has he provided any reason for this Court to grant his motion for entry of default (Docket Entry 22). Both motions are thus denied.

---

[1] "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).

## **CONCLUSION**

Petitioner has not received authorization from the United States Court of Appeals for the Fourth Circuit to file this successive habeas petition. The Section 2254 petition, therefore, should be dismissed, and Petitioner's accompanying motions will be denied.

**IT IS THEREFORE ORDERED** that Petitioner's motion for discovery (Docket Entry 16) and motion for entry of default (Docket Entry 22) are **DENIED**.

**IT IS THEREFORE RECOMMENDED** that Respondent's motion to dismiss (Docket Entry 13) be **GRANTED**, that the § 2254 petition (Docket Entry 1) be **DISMISSED**, and that Judgment be entered dismissing this action.

_____
Joe L. Webster
United States Magistrate Judge

April 1, 2020
Durham, North Carolina